886

order to convict. While the early decisions appear to be in conflict relative to the elements of the assault (Cromeans v. State, 59 Tex.Cr.R. 611, 129 S.W. 1129; Hardin v. State, 39 Tex.Cr.R. 426, 46 S.W. 803), still we think it clear that the law written in Bartlett v. State, 117 Tex.Cr.R. 468, 38 S.W.2d 103, 107, states the proper holding, wherein it is said:

"There must be such force used in connection with the circumstances of the case to establish beyond a reasonable doubt the purpose of the defendant to at the very time have carnal knowledge with the female in question, with or without her consent, regardless of how slight said force may be."

In the present instance, the State's proof of the actions of the foster son of appellant evidences reprehensible conduct, and the appellant's statements relative to the remarks of such son are certainly to be condemned. Nevertheless, these actions fall short of evidencing an assault with intent to presently have carnal knowledge of this girl.

Thus believing, the judgment is reversed and the cause remanded.

Barnes & Barnes, of Terrell, for appellant.

Ernest S. Goens, State's Atty., of Austin, for the State.

DAVIDSON, Judge.

The offense is theft; the punishment, two years in the penitentiary.

What purports to be a statement of facts in this case, not having been signed and approved by the trial judge, cannot be considered by us as such.

Without a statement of facts, nothing is presented for review.

The judgment is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the court.